Filed 2/4/15  Marriage of Graham CA4/3
Reposted to correct index line; no change to text

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| In re Marriage of JOSEPH-SEPP and DORYAN DEAN GRAHAM. | |
| JOSEPH-SEPP GRAHAM, <br><br> Respondent, <br><br> v. <br><br> DORYAN DEAN GRAHAM, <br><br> Appellant. | G050685 <br><br> (Super. Ct. No. IND096795) <br><br> O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Riverside County, Gregory J. Olson, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Doryan Dean Graham, in pro. per., for Appellant.

LA Quinta Law Group and Timothy L. Ewanyshyn for Respondent.

*          *          *

Doryan Dean Graham (mother) appeals from a postjudgment order wherein the court denied her petition pertaining to custody and visitation of the parties' now almost 10-year-old daughter. Based on no significant evidence, mother has continued to insist Joseph-Sepp Graham (father) has sexually abused their daughter. The trial court denied the petition and we affirm the postjudgment order.

Shortly after father filed for divorce, the parties appeared before a mediator concerning child custody and visitation. The mediator issued a report, stating "mother adamantly declared that despite the investigations and findings of both Riverside County Child Protective Services and Riverside County Sheriff's Department, she still believes father sexually abused [the child]."

Associates with Borders, McLaughlin & Associates, a firm that provides family threat assessment, rendered a detailed report wherein they concluded "Mr. Graham does not present a risk to [the child]. We found no history of problematic or inappropriate behavior to indicate Mr. Graham is a perpetrator of child sexual abuse, or any other form of abuse. Witness accounts indicate Mr. Graham has a healthy relationship with his daughter, including maintaining appropriate boundaries and care. Additionally, witness accounts do not corroborate allegations that [the child] exhibits unusual behaviors, such a humping or aggression. Ms. Graham's allegations present concern for several reasons. First, she has a history of making unsupported allegations. Additionally, her statements indicate she suspected Mr. Graham of abusing [the child], yet did not take immediate and decisive action to protect her daughter. Based on Ms. Graham's statements and collateral interviews, the nature of the allegations seems to have changed over time. Finally, both law enforcement and Child Protective Services has not taken any action against Mr. Graham in this case." (Bold lettering and underscoring omitted.) The 22-page report substantiates these conclusions.

At a second child custody and mediation session in November 2010 mother repeated her theme of accusing father of molesting the child during the second mediation session. "Again, during mediation, mother adamantly declared that despite the investigations and findings of both Riverside County Child Protective Services (CPS) and Riverside County Sheriff's Department, she still believes father sexually abused [the child]. Father denied these allegations."

The only incident supporting mother's allegations presented during the trial on the current petition was that, when three years old, the child "came up, humping my leg, saying 'Pussy, little pussy.'" Mother testified further that, when she inquired of her daughter "'Who said those words,'" she responded, "'Daddy.'" The trial testimony was disjointed and strayed into many areas not relevant to the issue before the court. At the conclusion of the hearing, the court awarded sole legal and physical custody to father. Mother was granted supervised visitation rights.

We review the decision of the trial court under the abuse of discretion standard. (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.) Based on the evidence before the court, we can hardly conclude the court abused its discretion. We therefore affirm the postjudgment order.

## DISPOSITION

The postjudgment order is affirmed.  Respondent shall recover his costs on appeal.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

MOORE, J.

THOMPSON, J.

4